U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 8 2011

CLERK, U.S. DISTRICT COURT
by_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GAY WILKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-160-A |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the above-captioned action wherein Gay Wilkins is plaintiff and the Commissioner of Social Security Administration, currently Michael J. Astrue, ("the Commissioner") is defendant. On March 28, 2011, the United States Magistrate Judge issued his proposed findings and conclusions and recommendation ("FC&R"), and granted the parties until April 11, 2011, in which to file and serve any written objections thereto. On April 11, 2011, plaintiff filed her objections. On May 16, 2011, the Commissioner responded to plaintiff's objections. For the reasons given below, the court has concluded that the objections should be denied and the decision of the Commissioner

that plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act should be affirmed.

I.

Standards of Review

Pursuant to 42 U.S.C. § 405(g), the basic issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987).

Once the magistrate judge has issued his proposed FC&R and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed FC&R to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now

makes that determination in the context of the basic principles mentioned above.

II.

Plaintiff's Objections

Plaintiff objects to:

(1) the magistrate judge's proposed finding that the administrative law judge ("ALJ") properly determined that Dr. Franks's opinion is not entitled to controlling weight;

(2) the magistrate judge's proposed conclusion that the ALJ evaluated plaintiff's combination of impairments and properly relied on Owens v. Heckler, 770 F.2d 1276 (5th Cir. 1985); and

(3) the magistrate judge's proposed conclusion that the ALJ fully developed the record.

III.

Analysis

A. Dr. Franks's Opinion

Plaintiff contends that the ALJ's reasons for rejecting Dr. Franks's opinion, and the magistrate judge's reasons for his proposal for affirmance, do not appear to be based on evidence in the case record. Objection at 3. The court disagrees.

3

The ALJ gave due consideration to the opinion of Dr. Franks. He agreed with Dr. Franks's conclusion that plaintiff had problems with her ability to relate to others, but did not give significant weight to that opinion. The record contains substantial evidence to support the ALJ's findings that Dr. Franks's opinion on plaintiff's ability to handle work stresses was inconsistent with the finding from mental status examinations and plaintiff's self-reported activities of daily living. As the ALJ was required to do, he resolved conflicts in the evidence, including conflicting medical opinions.

Among the evidence the ALJ considered was the conclusion of Medical Consultant Frank W. Zimmerman, M.D., that plaintiff had "the ability to perform repetitive tasks [with] minimal supervision, can relate appropriately to co-workers & supervisors, & adjust to routine work settings." Tr. at 154. Moreover, the treatment notes of Dr. Franks indicated that plaintiff's depression and anxiety were often related to specific interpersonal issues with her daughter and mother, not work-related limitations, such as an inability to react with co-workers, supervisors, or the general public, or an inability to complete projects in a timely manner. In addition, one of Dr. Franks's medical assessments was that plaintiff had a more than

4

satisfactory ability to follow work rules, use judgment, function independently, and understand, remember, and carry out simple instructions. Dr. Franks also found that plaintiff had a limited, but satisfactory, ability to relate to co-workers, deal with the public, interact with supervisors, maintain attention and concentration, and understand, remember, and carry out detailed, but complex, job instructions. In the final analysis, Dr. Franks's own assessments of plaintiff's depression and anxiety contradicted her later-given opinion that plaintiff would face significant problems relating to others and sustaining work. The ALJ was free to reject that contradicted opinion.

As to the criticism of plaintiff that the magistrate judge and the ALJ relied too heavily on plaintiff's credibility when assessing Dr. Franks's opinion, the court notes that plaintiff apparently fails to appreciate that the analysis undertaken by both the ALJ and the magistrate judge did not focus on plaintiff's credibility but rather the extent to which Dr. Franks's opinion was consistent with the entire record. In making such an evaluation, the ALJ was entitled, and did, take into account all information in the record, including plaintiff's testimony and comments to physicians concerning her daily activities.

Perhaps the ALJ did not expressly touch in his opinion on each and every point plaintiff contends he should have dealt with, but the ALJ's opinion quite clearly reflects that he gave proper consideration to Dr. Franks's opinion in the context of the record as a whole. Therefore, the court concludes that plaintiff's first objection lacks merit.

B. The ALJ Properly Evaluated the Combination of Impairments and in Relying on *Owens v. Heckler*

The focus of plaintiff's second objection is that:

> The Magistrate found that the ALJ's separate discussion of Ms. Wilkins' [sic] co-morbid physical and mental impairments was no error, citing to, 770 F.2d 1276 (5th Cir. 1985), for the proposition that an ALJ "may discuss each impairment individually and then state that he considered the combined effect of the impairments." (Recommendation at 6). However, *Owens* is distinguishable from the instant case. In *Owens*, the claimant suffered from exclusively physical impairments in the form of a back injury, heart condition, high blood pressure, lower back pain, shortness of breath, and fatigue. *Owens*, 770 F.3d at 1278-79. The Fifth Circuit held that the ALJ properly considered the "cumulative effect" of Owens' physical impairments, even though he did discuss them individually. *Id.* at 1282.
>
> However, unlike *Owens*, the primary concern in the instant is not the "cumulative effect" of Ms. Wilkins' [sic] physical impairments, but the co-morbidity of her physical and mental impairments. Neither the ALJ nor the Magistrate Judge explained how they accounted for the interplay between the impairments, and how each may increase the severity of the symptoms of the other.

Objection at 5-6.

6

The court is satisfied that the ALJ gave appropriate consideration to the interaction between plaintiff's physical impairments and mental impairments, and that the magistrate judge did not err in concluding that he did.

At step two, the ALJ made a finding as to plaintiff's impairments, which included her physical impairments and her mental impairments. And, the ALJ ended his step two finding with the statement that "[s]he has a 'severe' combination of impairments (See 20 C.F.R. § 416.920(c))." Tr. at 20. At step three of his analysis, the ALJ expressly considered the combined effect of all of plaintiff's impairments. Then the ALJ reached the conclusion that "[t]he objective medical evidence fails to establish that Ms. Wilkins' [sic] impairments, individually or in combination, meet or equal the requirements of [pertinent sections of 20 C.F.R.] . . . ." Id. at 21. The ALJ's step three finding was that "Ms. Wilkins does not have an impairment or combination of impairments that meets or medically equals any impairment in [pertinent regulations]." Id. At the step four analysis, the magistrate judge explained that in making his residual functional capacity finding he "considered all of Ms. Wilkins' [sic] symptoms in accordance with [applicable

regulations]" and that he "also considered opinion evidence in accordance with [applicable regulations]." Id.

The ALJ quite clearly considered the interaction between physical and mental impairments in his overall evaluation, and the magistrate judge correctly held that he did so. There was nothing inappropriate in the reliance by the magistrate judge on Owens in support of his conclusion that the ALJ did not commit error by discussing each impairment individually in support of his statement that he considered the combined effects of the impairments. Any factual distinction between the instant case and Owens is not a matter of concern considering that the ALJ satisfied his analysis obligation by considering, and giving effect to, the combined effects of plaintiff's physical and mental impairments.

For the reasons stated, the court is denying plaintiff's second objection.

C.  The ALJ Adequately Developed the Record

While perhaps lacking the desired clarity, plaintiff's third objection seems to be that the ALJ did not have a correct, or adequate, understanding of fibromyalgia, and that he should have called a medical expert to testify on that subject.

The court does not consider that there is anything in the ALJ's opinion suggesting that he did not have a correct and adequate understanding of fibromyalgia. Fibromyalgia was included in the ALJ's listing of impairments that constituted a "severe" combination of impairments. Tr. at 20. The ALJ had the benefit of Dr. Turbeville's assessment of the role fibromyalgia played in plaintiff's function capabilities. In his fourth step analysis and discussion, the ALJ considered plaintiff's long history of fibromyalgia and other impairments that have limited her functional ability. The discussion in the ALJ's step four analysis made frequent mention of plaintiff's fibromyalgia, and took its limiting impact in account.

The magistrate judge correctly concluded that "the evidence indicates that the ALJ did fully develop the record regarding Wilkins' [sic] fibromyalgia and its effect on her other impairments." FC&R at 15. Therefore, the court is denying plaintiff's third objection.

\*     \*     \*     \*     \*

For the reasons given above, the court denies in their entirety the objections made by plaintiff to the magistrate judge's FC&R. The court adopts the magistrate judge's proposed

findings, conclusions, and recommendation, and is affirming the decision of the Commissioner.

IV.

Order

The court ORDERS that the decision of the Commissioner that plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act be, and is hereby, affirmed.

SIGNED June 8, 2011.

_____
JOHN McBRYDE
United States District Judge